Mario Pittoni, J.
Defendant corporation moves for an order dismissing the complaint on the ground that this court has no jurisdiction of the defendant (CPLR 3211, subd. [a], par. 8).
The contract upon which the present action is based was signed by both parties in New York at a time when defendant was doing business in New York.
The defendant is subject to New York jurisdiction under CPLR 301 as having done business here, and under CPLR 302 (subd. [a], par. 1) in that, by executing the contract in issue in New York, defendant was “ transacting ” business here.
While admitting that it had done business here when the contract was executed, defendant claims that it has since left and is now located in Delaware where it was served. It also claims that the complaint fails to state jurisdictional grounds under either CPLR 301 or 302.
I hold that plaintiff conformed with the requirements of CPLR 313 in making personal service' on defendant; that the affidavits show defendant was subject to New York jurisdiction under CPLR 302 (subd. [a], par. 1); that defendant’s removal *612 from New York does not deprive New York of jurisdiction for the previous “transaction” in New York, or plaintiff of the right to serve defendant out of the State pursuant to CPLR 313, and that plaintiff’s affidavit showing jurisdictional facts, although not alleged in the complaint, is sufficient (Schnall v. Clearfield Cheese Co., 23 A D 2d 652).
Defendant’s motion is denied.